UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* WESTERN INDUSTRIAL, INC., a Washington corporation, | |
| Plaintiff, | 3:10-cv-00066-JWS |
| vs. | ORDER AND OPINION [Re: Motions at Dockets 13 and 16] |
| WESTERN SURETY COMPANY, Colorado corporation, | |
| and | |
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., a California corporation, | |
| Defendants. | |

## I. MOTIONS PRESENTED

At docket 13, plaintiff Western Industrial, Inc. ("Western Industrial") moves for voluntary dismissal of its civil action against defendant American Civil Constructors West Coast, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion is supported by a memorandum filed at docket 14. At docket 16, defendants Western Surety Company ("Western Surety") and American Civil Constructors West Coast, Inc. ("ACC") (collectively, "defendants") moves to stay all proceedings, including Western Industrial's Miller Act claim against Western Surety, pending the outcome of a state law arbitration between Western Industrial and ACC. That motion is supported by a

memorandum filed at docket 17, which also serves as defendants' opposition to the motion at docket 13. Western Industrial opposes the motion to stay at docket 19. Defendants reply at docket 20. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

On April 2, 2010, Western Industrial filed a Miller Act complaint against Western Surety and ACC, which included claims for breach of contract and *quantum meruit* against ACC. ACC answered and counterclaimed. ACC was the prime contractor on a Coast Guard project in Kodiak, Alaska, and subcontracted work to Western Industrial to perform coatings work on the project. Western Surety provided the Miller Act bond, naming ACC as principal. Section 11.2.3 of the subcontract agreement provides that any claims between the contractor and subcontractor "shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."[1] Because of the agreement to arbitrate, defendants jointly tendered a draft stipulation to stay the Miller Act litigation pending completion of arbitration proceedings between Western Industrial and ACC. Western Industrial declined to stipulate, and filed the motion at docket 13. That motion seeks to voluntarily dismiss ACC as a defendant in order to permit Western Industrial to proceed with its Miller Act claim against Western Surety. Defendants claim that Western Industrial is not permitted to voluntarily dismiss ACC's counterclaim "unless it can establish that ACC's 'counterclaim can remain pending for independent adjudication.'"[2] Furthermore, defendants argue that the proper course of action in this scenario would be to stay the current litigation pending arbitration. The court considers the parties' positions below.

## III. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2), which addresses voluntary dismissals by a plaintiff, states that

---

[1] Docket 1-1 at 13-14.

[2] Docket 17 at 4 (quoting Fed. R. Civ. P. 41(a)(2)).

-2-

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[3] "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"[4] "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice.[5] "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."[6]

Here, the plain language of Rule 41(a)(2) states that an "action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Because ACC's counterclaims are expressly based on the same factual circumstances as Western Industrial's claims, it would be illogical to adjudicate ACC's state law counterclaims together with Western Industrial's Miller claims against the surety, even though Western Industrial's Miller Act claim arises from the same factual basis as ACC's counterclaims.[7] Moreover, if the court permitted Western Industrial to proceed with its Miller Act claim against the surety and ACC to

---

[3] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[4] *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).

[5] *Westlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir.1996).

[6] *Smith*, 263 F.3d at 975 (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir.1982)).

[7] Because Western Industrial's Miller Act claim against Western Surety arises from the same factual basis as the state law claims and counterclaims, Western Industrial's argument that the court lacks supplemental jurisdiction over any of the state law claims fails.

proceed with its counterclaims concurrently with arbitration on Western Industrial's affirmative claims against ACC, the risk of inconsistent results and prejudice to ACC would be high. It is apparent that Western Industrial believes it will benefit from clearing the path to its Miller Act claim by brushing away ACC's counterclaims. However, as is explained below, doing so would frustrate the intent of the Federal Arbitration Act to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."[8] Therefore, the court declines to dismiss any of the state law claims at this time.

The next question is whether a stay of proceedings would be appropriate. Section 3 of the FAA provides, in pertinent part, that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[9]

Under the FAA, the "district court must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue. Therefore, the district court can determine only whether a written arbitration agreement exists, and if it does, enforce it in accordance with its terms."[10] "Nothing in the Miller Act prevents the enforcement of an arbitration clause between a general contractor and a subcontractor on a federal contract."[11] "Indeed, federal courts routinely stay Miller Act lawsuits pending arbitration to determine the contractor's liability."[12]

---

[8] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

[9] 9 U.S.C. § 3.

[10] *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999)

[11] *U.S. v. Sundt Const., Inc.*, 2007 WL 1655976, at *3 (D. Ariz. June 7, 2007).

[12] *Id.*

Here, there is no dispute regarding the enforceability of the arbitration agreement between Western Industrial and ACC. The agreement provides:

> CLAIMS RELATING TO CONTRACTOR Should a dispute arise which is not controlled or determined by Section 11.2.2 or other provisions of this Subcontract, then said dispute shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect. Notwithstanding any of the foregoing, Contractor, at its sole and absolute discretion, may decide to dispense with arbitration, in which case resort shall be to the courts. If contractor does not dispense with arbitration, Contractor may join or consolidate any third party or claim into an arbitration with Subcontractor for final resolution. The award rendered by the arbitrator shall be final, and judgment may be entered upon and in accordance with applicable law in any court having jurisdiction thereof.

The issue in this case, whether Western Industrial is owed money under the subcontract, is subject to the subcontract's arbitration clause. "[W]hen a general contractor requests a stay of a Miller Act action by a subcontractor against both the general contractor and the surety, '[t]here can be no question that, under the language of [9 U.S.C. § 3], defendants were entitled to the stay asked.'"[13] Therefore, to the extent Western Industrial or ACC wish to resolve their contractual disputes, they will have to do so in arbitration. This matter - including the Miller Act and state law claims - is stayed in its entirety pending resolution of arbitration.

## IV. CONCLUSION

For the reasons stated above, Western Industrial's motion for voluntary dismissal at docket 13 is **DENIED**. Defendants' motion to stay proceedings pending arbitration at docket 16 is **GRANTED**.

DATED at Anchorage, Alaska, this 25th day of August 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13] *United States ex rel. MPA Construction, Inc. v. XL Speciality Insurance Co.*, 349 F. Supp. 2d 934, 940 (D. Md. 2004) (quoting *Agostini Bros. Bldg. Corp. v. United States*, 142 F.2d 854, 855 (4th Cir.1944)).